UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GEENTY,<br>　　*Plaintiff*, | : | |
| | : | |
| | : | |
| 　　　　v. | : | |
| | : | |
| PASTA TECHNOLOGIES GROUP SRL,<br>　　*Defendant.* | : | |
| | : | |
| ........................................................................ | : | No. 3:23-cv-1123 (VDO) |
| | : | |
| PASTA TECHNOLOGIES GROUP SRL,<br>　　*Third-Party Plaintiff,* | : | |
| | : | |
| | : | |
| 　　　　v. | : | |
| | : | |
| The Dennis Group, Inc.,<br>　　*Third-Party Defendant.* | : | |
| | : | |

## **<u>RULING ON MOTION TO COMPEL BY THE DENNIS GROUP, INC.</u>**

Plaintiff brought this product liability suit for injuries sustained when using a machine

designed, manufactured, and installed by Defendant Pasta Technologies Group SRL ("Pasta

Tech").  Pasta Tech then filed a third-party complaint against The Dennis Group, Inc.,

("Dennis") for indemnification and contribution alleging that Dennis negligently modified the

machine after Pasta Tech installed it.  Plaintiff has not filed a direct claim against Dennis.

### A.  Motion to Compel

Now pending is Dennis' Motion to Compel, which seeks information about insurance

coverage Pasta Tech might use to pay a potential judgment in Plaintiff's favor.  ECF 97.  Pasta

Tech has already disclosed a copy of its insurance policy and declarations page showing a policy

limit of 5 million euros, as well as a coverage letter from the Italian insurer asserting that

coverage is limited to 500,000 euros.  Pasta Tech disagrees with the insurer's coverage position

and has retained counsel to pursue the issue in Italy.  Dennis' Motion to Compel specifically

seeks communications between Pasta Tech's Italian counsel and the insurer as well as the written notice provided by Pasta Tech to its insurance broker regarding this action.  ECF 97-3 at 5.

**B.  Discussion**

Dennis contends the insurance information is relevant to determining whether Pasta Tech can satisfy a potential judgment because, if not, liability could be reallocated to Dennis. However, although Connecticut law does not permit post-judgment reallocation of liability among parties to product liability case.

Product liability actions are not governed by the apportionment statute, Conn. Gen. Stat. § 52-572h, which provides a mechanism for post-judgment reallocation among defendants in ordinary negligence cases where one defendant cannot satisfy its portion of the judgment. Instead, product liability actions are subject to the unique comparative responsibility scheme in Conn. Gen. Stat. § 52-572o.  *See Allard v. Liberty Oil Equip. Co.*, 253 Conn. 787, 805 (2000). Under subsections (b) and (d) of § 52-572o, responsibility for a plaintiff's injuries is allocated among all parties to the product liability action, including the plaintiff, product liability defendants, and any defendants sued under other theories such as negligence.  *See Health Body World Supply, Inc. v. Wang*, 353 Conn. 296, 319 (2025) ("[A]ll defendants, including product sellers and nonproduct sellers, may be allocated a percentage of comparative responsibility under § 52-572o.").  Furthermore, as relevant to Dennis Group here, the factfinder's allocation analysis under § 52-572o also extends to any third-party defendants sued for contribution in the same action.  *Id.* at 326, 329 (confirming that § 52-572o provides product liability defendant with option of bringing third-party contribution claims in original action and, if so brought,

factfinder's resolution of comparative fault is *res judicata* in subsequent proceeding between them) (citing *Malerba v. Cessna Aircraft Co.*, 210 Conn. 189 (1989)).[1]

However, the factfinder's allocation of fault to third-party defendants does not reduce the liability of first-party defendants to the plaintiff.  Instead, each first-party defendant is jointly and severally liable for the product liability plaintiff's damages net of any percentage fault allocated to the plaintiff himself.  Conn. Gen. Stat. § 52-572o(d).  Thereafter, if the first-party defendant "pays more than its proportional share of that net award, it may seek appropriate contributions from the other liable defendants."  *Barry v. Quality Steel Products, Inc.*, 280 Conn. 1, 14 (2006).  In other words, § 52-572o(d) and (e) is designed, first, to ensure the plaintiff is made whole and, second, to allow any defendant who pays more than its share to recoup the difference from other responsible defendants. [2]  *Id.*

Against this backdrop, Dennis' concern that Pasta Tech's liability to Plaintiff could be reallocated to Dennis is misplaced.  Not only can there be no post-judgment reallocation of fault as between Pasta Tech and Dennis, but also Dennis has no potential joint and several liability under § 52-572o(d) because Plaintiff has not directly sued Dennis.  Instead, Dennis' sole potential exposure is to Pasta Tech either (a) for full indemnification of what Pasta Tech pays to

---

[1] Although *Health Body* does not explicitly state that the allocation analysis under § 52-572o includes third-party defendants against whom the plaintiff has not asserted a direct claim, the Supreme Court's discussion of the comparative responsibility scheme strongly implies it.  353 Conn. at 325–30.  Additionally, a third-party claim for indemnification may be adjudicated in the same action.  *Malerba* at 196–99 (citing preference for resolving related claims in single action and reasoning that comparative responsibility "implicates different factual and legal considerations" than indemnification).

[2] There does appear to be one scenario in which Plaintiff might not be made whole, namely, if Pasta Tech, the sole first-party defendant, is found to have 0% comparative responsibility.  In that circumstance, even if Dennis were found to have some percentage of responsibility, Plaintiff could not collect because it has brought no direct claim against Dennis.

Plaintiff, or (b) for contribution as to any amount of Dennis' proportional share of fault that Pasta Tech, as a first-party defendant with joint and several liability, is forced to cover.  For example, if a jury hypothetically assigned Plaintiff 20% responsibility, Pasta Tech 40%, and Dennis 40% and rendered a damages award of $1,000,000, then Pasta Tech would be jointly and severally liable to plaintiff for $800,000.  In that hypothetical, if Dennis is found liable to indemnify Pasta Tech's entire liability, then its exposure would be up to $800,000.  Or if Dennis is not liable for indemnification, then its exposure would be any amount that Pasta Tech pays to Plaintiff in excess of Pasta Tech's $400,000 proportionate share, up to a maximum of $400,000.

In either scenario, the only arguable relevance of Pasta Tech's insurance information is to assist Dennis, in the context of global settlement discussions, in assessing whether Pasta Tech has the means to pay a potential damages award—if not, then Dennis' potential indemnification or contribution exposure to Pasta Tech theoretically could be lessened.  Pasta Tech has already disclosed its insurance policy, declarations page, and coverage letter, which is adequate to meet Dennis' need under the circumstances.  *See* Fed. R. Civ. P. 26 (advisory committee's note to 1970 amendment) ("Disclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation.").  Further investigation into coverage disputes occurring in Italy appears to be a costly distraction with incremental benefit, at most, and so is not proportional to the needs of the case.

### C.  Conclusion

Dennis' Motion to Compel discovery of Pasta Tech's communications with its insurance broker and insurer is DENIED as disproportionate to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Nonetheless, Pasta Tech shall produce a copy of any letter from the insurer formally

revising its position regarding the amount of insurance coverage applicable to this action and/or a copy of any decision by a proper authority establishing the applicable amount of coverage.

This is not a recommended ruling.  This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the District Judge upon objection timely filed.

SO ORDERED, this 26th day of March, 2026, at Bridgeport, Connecticut.


*/s/ S. Dave Vatti*
S. DAVE VATTI
United States Magistrate Judge

5